J. S09009/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             :           PENNSYLVANIA
                       v.                    :
                                               :
JASMINE VITH,                          :          No. 540 WDA 2014
                                               :
                       Appellant       :

Appeal from the Judgment of Sentence, March 6, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0013701-2013

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 28, 2015**

Appellant, Jasmine Vith, was convicted of driving under the influence

("DUI") general impairment,[1] and driving upon sidewalks.[2]   Herein, she

appeals the judgment of sentence entered on March 6, 2014.  We affirm.

The facts, as summarized by the trial court, are as follows:

> On July 4, 2013, City of Pittsburgh Police Officer
> Juan Terry was on routine patrol in the South Side
> area of the city a little after 2 a.m.  Officer Terry was
> stopped at a red light on 12th Street at Carson when
> he observed the defendant's vehicle at the top of the
> hill on 12th [S]treet attempting to complete a u-turn.
> He proceeded along 12th to the intersection with
> Sarah Street and observed that the defendant's
> vehicle was sideways on 12th and she was still unable
> to complete the turn.  In that area the street is so
> narrow that when cars pass each other they have to

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] 75 Pa.C.S.A. § 3703.

slow and proceed with caution or risk sideswiping. The defendant could have gone to the top of the street and turned around, but instead chose to make the u-turn in that area. The defendant continued to attempt the u-turn by repeatedly driving up on the sidewalk four or five times and was not cutting the wheels[,] which would have allowed her to complete the turn. The entire front end of her vehicle was on the sidewalk and pedestrians had to stop and wait. In addition, cars traveling in both directions had to stop and wait for the defendant to complete the turn. After the defendant finally completed the turn and drove past the officer, he decided to turn his vehicle around and pull her over at 121st and 12th streets.

Officer Terry observed that the defendant's eyes were bloodshot and glassy, her speech slurred and that her body and breath smelled of alcohol. The defendant told Officer Terry she had been trying to make a u-turn and attempted to tell him where she was going but did not make any sense. He stated that the defendant was [] agitated, fidgety and moving really fast and he felt she was under the influence. He asked the defendant to perform field sobriety tests and demonstrated the heel to toe test for her. The defendant took a few wobbly steps before losing her balance and stepping off of the line. She then put her hands to her hips and stated that her back hurt. The officer then administered the HGN test and the defendant exhibited all six possible signs of impairment. At that time[,] the defendant was taken into custody.

Trial court opinion, 10/7/14 at 2-3 (citations omitted).

Appellant filed a motion to suppress the officer's observations of appellant's intoxication. Appellant claimed that the stop was illegal, as it was unsupported by reasonable suspicion of criminal activity. The suppression court denied appellant's motion. Following a bench trial, appellant was convicted of the aforementioned crimes. She was sentenced

to participate in a four-day DUI alternative jail program to be followed by six months' probation. A mandatory fine of $500 was imposed, and appellant was ordered to undergo a drug and alcohol evaluation as well as to complete Alcohol Highway Safety School.

The sole issue presented is as follows:

> I.    DID THE TRIAL COURT ERR IN DENYING [APPELLANT'S] MOTION TO SUPPRESS AS POLICE LACKED PROBABLE CAUSE TO STOP [APPELLANT] ON THE BASIS OF A MOMENTARY AND MINOR TRAFFIC VIOLATION?

Appellant's brief at 4.

The standards governing a review of an order denying suppression motions are well settled:

> We are limited to determining whether the lower court's factual findings are supported by the record and whether the legal conclusions drawn therefrom are correct. We may consider the evidence of the witnesses offered by the Commonwealth, as verdict winner, and only so much of the evidence presented by [the] defense that is not contradicted when examined in the context of the record as a whole. We are bound by facts supported by the record and may reverse only if the legal conclusions reached by the court were erroneous.

***Commonwealth v. Feczko***, 10 A.3d 1285, 1287 (Pa.Super. 2010) (***en banc***) (citation omitted).

Probable cause exists when the facts and circumstances are sufficient in themselves to warrant a person of reasonable caution in the belief that the driver or the vehicle has violated the Vehicle Code. ***See***

***Commonwealth v. Weaver***, 76 A.3d 562, 565 (Pa.Super. 2013), ***affirmed***, ___ A.3d ___, 2014 WL 6750608 (Pa. 2014). Probable cause is determined by the totality of the circumstances. ***Id.*** "It is the facts and circumstances within the personal knowledge of the police officer that frames the determination of the existence of probable cause." ***Id.*** (emphasis omitted).

Applying the above standard, we hold Officer Terry had probable cause to stop appellant for a traffic violation. The officer articulated that he observed appellant make several attempts at a U-turn on a narrow street. As appellant repeatedly tried to make the U-turn, she drove onto the sidewalk. Appellant impeded both foot and vehicle traffic as she continuously drove on the sidewalk. These observations gave rise to a suspected violation of the Motor Vehicle Code provision requiring that motor vehicles are to be driven on roadways and not on sidewalks. 75 Pa.C.S.A. § 3703. Based on the foregoing, we conclude the trial court did not err when it found Officer Terry was within his authority to initiate a traffic stop for a violation of the Motor Vehicle Code and the ensuing evidence of appellant's intoxication was admissible. ***See Feczko***, ***supra***.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2015